UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER NEAL,

       Petitioner,                    CASE NO. 07-11368
                                     HON. MARIANNE O. BATTANI
v.                                       MAGISTRATE JUDGE MONA K. MAJZOUB

BLAINE LAFLER,

       Respondent.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DENYING PETITIONER'S APPLICATION FOR THE WRIT OF HABEAS CORPUS**

      Petitioner Walter Neal, currently a state prisoner at the RMI Michigan Reformatory in Ionia, Michigan, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions of two counts of first-degree criminal sexual conduct. The matter was referred to Magistrate Judge Mona K. Majzoub for report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

      Magistrate Judge Majzoub recommended on March 5, 2009 that this Court deny Petitioner's petition (See Report and Recommendation at 1).

      Petitioner filed timely objections to the Report and Recommendation, which the Court has considered. For the ensuing reasons, the Court REJECTS Petitioner's objections, ACCEPTS the Report and Recommendation, and DENIES with prejudice the Petition for Writ of Habeas Corpus.

**I.    BACKGROUND**

      Petitioner pleaded no contest in Muskegon County Circuit Court to two counts of first-degree criminal sexual conduct for sexually victimizing his stepdaughter from the

time she was thirteen years of age until the age of sixteen.  Neal's stepdaughter bore two of his children, one of which died shortly after birth.  In September of 2001, the court sentenced Neal to concurrent terms of 35 to 100 years in prison and life in prison.

Neal filed a delayed application for leave to appeal in the Michigan Court of Appeals in September of 2002, arguing clear error in the trial judge's admission of Petitioner's confessions.  On February 10, 2004, the Michigan Court of Appeals affirmed Neal's convictions and sentences.  The Michigan Supreme Court denied Petitioner's leave to appeal on October 31, 2006.

## II.   STANDARD OF REVIEW

Once a party has filed objections to a Magistrate Judge's Report and Recommendation, the district court must conduct a *de novo* review of the specific portions of the report to which the petitioner objects.  28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

According to 28 U.S.C. § 2254, as amended by the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA"), the following standard of review is imposed on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Section 2254 also dictates that federal courts must presume the correctness of state court factual determinations upon habeas review:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

The Supreme Court has explained the phrase, "clearly established federal law," as referring to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003).  The holdings of Supreme Court decisions, as opposed to the dicta, form the governing legal principles of a particular time.  Williams v. Taylor, 529 U.S. 362, 412 (2000).  Thus, a federal court conducting habeas review must look to relevant Supreme Court precedent at the time the state court rendered its decision.  See Id.

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite of that reached by the Supreme Court on a question of law, or if the state court reaches a substantially different conclusion than the Court based upon a set of materially indistinguishable facts.  Id. at 412-13.

An "unreasonable application" of clearly established federal law occurs "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  A federal habeas court may not, however, find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly." Id. at 411.  Rather, a habeas petitioner must demonstrate that the state court's application of clearly established federal law to the facts of his case was objectively unreasonable.  Price v. Vincent, 538 U.S. 634, 641 (2003).  Bearing in mind these standards of review, the Court now considers the merits of Petitioner's objections.

      A.     **Suppression of Confession**

Neal objects to the Magistrate Judge's recommendation that the trial court correctly admitted his confession.  Petitioner claims that the confession was improperly obtained by the police through coercion and interrogation occurring after his request for counsel.  Neal argues that by denying his motion to suppress the confession, the trial court violated Supreme Court precedent relating to proper interrogation procedure.

The record reveals that Neal requested an attorney while in custody.  Subsequent to this request, Petitioner asked a detective whether the infant found by the police was his stepdaughter's child.  The detective responded in the affirmative, adding that the child was Neal's son.  Approximately twenty minutes later, the detective handed Petitioner a photograph of an infant.  Neal confessed to engaging in a sexual relationship with his teenage stepdaughter and to fathering her two children.

According to the Supreme Court in the case of Miranda v. Arizona, once a suspect invokes the right to have counsel present during custodial interrogation, authorities must cease interrogation until an attorney is present.  384 U.S. 436, 474 (1966).  However, Petitioner fails to address a caveat of the Miranda rule in which authorities may proceed with an interrogation once a suspect, who has invoked the right to counsel, "initiates further communication, exchanges, or conversations with the police."  Edwards v. Arizona, 451 U.S. 477, 484-85 (1981).  The trial court determined

that Neal's question regarding the infant represented an initiation of further communication with the police.  The ensuing communication between Petitioner and police was limited to the identification and welfare of Petitioner's child.  As this Court must presume the correctness of the state court's findings of fact, the trial judge did not unreasonably apply the holdings of Miranda and Edwards in admitting Neal's confession.  Although Neal asserts that he requested counsel on numerous occasions throughout the interrogation, the state court found no indication in the record of renewed requests for counsel after Petitioner's initiation of further communication.  Further, Magistrate Judge Majzoub notes that Neal's previous convictions impute to him certain knowledge of his rights within the criminal justice system.

This Court is not persuaded by Petitioner's allegation of police coercion in eliciting a confession.  Neal claims that by showing him a photograph of his deceased child, police coerced him into making incriminating statements without the presence of an attorney.  Petitioner argues that he was particularly susceptible to an appeal to his conscious, and that any statements made after viewing the photograph of his deceased child should have been suppressed.  See Rhode Island v. Innis, 446 U.S. 291, 301-03 (1980) (holding that "[a]ny knowledge the police may have had concerning the unusual susceptibility of a defendant to a particular form of persuasion might be an important factor in determining whether the police should have known that their words or actions were reasonably likely to elicit an incriminating response from the suspect").  Neal, however, points to no specific facts demonstrating this alleged susceptibility or its exploitation by the police in obtaining a confession.  The Michigan Court of Appeals held that the photograph did not induce Neal's confession, finding that he "must have been

independently aware of the death of the infant, since the photograph appeared to be of a normal sleeping baby." People v. Neal, No. 243552, 2004 WL 243396, *1 (Mich. Ct. App. Feb. 10, 2004). Furthermore, it was Neal's query about the newborn that prompted the detective to show him the photograph.

### B. Sentencing

Petitioner next objects to the Magistrate Judge's recommendation that the trial court was correct in scoring his sentences according to the guidelines. Neal argues that the trial judge's upward departure based upon psychological trauma to his stepdaughter was unwarranted and unconstitutional. In particular, Petitioner claims that the sentencing judge erroneously relied upon psychological trauma to the victim in bearing both children. Neal maintains that he did not father both of his stepdaughter's children, and any scoring based upon this fact is inaccurate.

Certainly, under the right of due process "it is desirable that the judge in passing sentence be provided with as much and as accurate information on the person to be sentenced as may be reasonably possible under the circumstances of the case." Collins v. Buchkoe, 493 F.2d 343, 345 (6th Cir. 1974). However, the standard requires Petitioner to demonstrate that the sentencing information relied upon was extensively and materially false, or that he was denied the opportunity to rebut the information. See Townsend v. Burke, 334 U.S. 736, 740-41 (1948). The record indicates that a DNA test was performed on Neal, finding that he could not be excluded as the father of the two children. Neal offers no evidence to establish that this finding is so materially untrue that it prejudiced the court in scoring his sentences. See Id. Moreover, the record specifies that Neal committed a minimum of 100 sexual crimes against his

stepdaughter, which undoubtedly caused her significant psychological trauma apart from that caused by bearing the children.

To the extent that Petitioner claims the trial court erred in carrying out state law sentencing procedures, habeas relief is unavailable. The Supreme Court has unequivocally held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, a non-capital sentence that falls within statutory limits is not grounds for habeas relief. Townsend v. Burke, 334 U.S. 736, 741 (1948).

### C. Ineffective Assistance of Counsel

Petitioner alleges ineffective assistance of counsel, claiming that he would not have entered a plea of no contest and forgone certain rights but for trial counsel's erroneous advice. Neal argues that based upon the evidence, specifically the question as to the paternity of the children, counsel should have pursued a jury trial and defense of innocence. Defense counsel may be deemed ineffective for misadvising a defendant on the sentencing consequences of a plea. See Smith v. United States, 348 F.3d 545, 553-54 (6th Cir. 2003). In order to prove that he was denied the effective assistance of counsel, Neal must establish that trial counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Neal must also demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded [no contest] and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 559 (1985). Petitioner does not expound upon the

alleged inaccuracy of counsel's advice, or how reliance upon such advice influenced his decision to plead no contest to the offenses. Conclusory allegations of ineffective assistance of counsel do not warrant federal habeas relief. See Workman v. Bell, 178 F.3d 759, 771 (6th Cir. 1998). Petitioner, therefore, fails to demonstrate that counsel's plea advice was deficient or that but for such improper advice he would have pursued a jury trial. See Id. at 687.

Petitioner next argues that it was unreasonable for counsel not to pursue further DNA testing in an effort to exonerate him and seek a plea of innocence. Petitioner, however, presents no evidence that such a defense would have been viable. According to the record, not only had Neal confessed to the crimes charged, but an initial DNA test established with significant accuracy that he could not be excluded as the father of his stepdaughter's children. Considering all of the evidence against Neal, counsel reasonably advised him to plead no contest to the offenses charged. See Strickland, 466 U.S. at 688 (holding that in judging the reasonableness of counsel's performance, all circumstances surrounding the case must be considered).

Neal claims ineffective assistance of appellate counsel for improperly handling his appeal by filing an application for leave to appeal rather than an appeal of right. This Court agrees with Magistrate Judge's report that Petitioner's no contest plea precludes an appeal of right. Neal was advised by the trial judge that an appeal from a plea of no contest was by leave of the court only. Appellate counsel correctly filed an application for leave to appeal on behalf of Petitioner, thus undermining the argument that appellate counsel's conduct caused prejudice to the outcome of the appeal. See Strickland, 466 U.S. at 687 (holding that in a claim for ineffective assistance of counsel,

a petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the outcome of the proceeding).

### D. DNA Testing

Petitioner objects to the Magistrate Judge's recommendation that habeas relief be denied on the issue of DNA testing. Neal contends that he was denied due process when a second DNA test was never performed to ensure he was the father of his stepdaughter's children, as authorized by the trial court. Neal failed to raise this issue on appeal and was, therefore, denied relief by the Michigan Court of Appeals and Michigan Supreme Court. It is Petitioner's present contention that the issue was not raised on first appeal due to ineffective assistance of appellate counsel, a justification for the procedural default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) (explaining that a procedural default may be excused if petitioner demonstrates cause for the default and actual prejudice to the outcome of the case).

A criminal defendant has no constitutional right to insist that appellate counsel raise all possible colorable issues on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). "[T]actical choices regarding issues raised on appeal are properly left to the sound professional judgment of counsel." Workman, 178 F.3d at 771 (citing United States v. Perry, 908 F.2d 56, 59 (6th Cir. 1990)). Counsel's failure to raise the issue of DNA testing on appeal would only be deemed ineffective assistance if it is reasonably probable that the claim would have changed the result of the appeal. See McFarland v. Yukins, 356 F.3d 688, 699-700 (6th Cir. 2004). Considering the significant evidence against Neal, including the positive results of the initial DNA test, counsel reasonably omitted raising the issue of paternity on appeal. Even if Petitioner was able to present

evidence to exonerate himself as the father of the children, the outcome of the appeal would have likely remained unchanged. After all, the convictions against Neal are for the sexual abuse of his teenage stepdaughter; the pregnancies are incidental to the criminal sexual conduct. Petitioner argues that at the very least, a second DNA test would have resulted in more accurate media reporting of the case, thus preserving his right to an impartial trial. See U.S. CONST. amend. VI. This objection is without merit as Neal never in fact participated in a trial.

### E. Right to a Speedy Trial

Petitioner next alleges that he was deprived of his constitutional right to a speedy trial. See U.S. CONST. amend. VI. Although Neal waived his right to a speedy trial by entering a plea of no contest, he contends that he would never have agreed to the plea but for trial counsel's ineffective assistance. See Drumm v. Parke, 895 F.2d 1412, slip. op. at *1 (6th Cir. Feb. 16, 1990) ("The law is clearly established that a defendant who enters a guilty plea waives all nonjurisdictional defects, including alleged violations of constitutional rights"). As discussed above, Petitioner is unable to show that trial counsel misadvised him on the consequences of his no contest plea. See Smith, 348 F.3d at 553-54. Neal also alleges ineffective assistance for appellate counsel's failure to raise the issue on appeal, an omission he believes excuses the procedural default. However, Petitioner offers no support as to how counsel's failure to raise the issue prejudiced the outcome of the appeal. See McFarland, 356 F.3d at 699-700. Conclusory allegations are insufficient to establish ineffective assistance of counsel. Moss v. Hofbauer, 286 F.3d 851, 864 (6th Cir. 2002). The Court, therefore, denies relief on the alleged violation of Petitioner's right to a speedy trial.

### F. Habitual Offender Scoring

Petitioner objects to the Magistrate Judge's recommendation that he was properly sentenced as a habitual offender. Neal maintains that the trial court used a prior felony conviction to score his sentence, when in fact the conviction was for a misdemeanor. This issue was not raised on first appeal, and Neal claims the procedural default is excepted by appellate counsel's ineffective assistance. This objection is wholly unsupported and therefore meritless. See Moss, 286 F.3d at 864.

### G. Media Attention

Neal alleges he was denied a fair trial due to adverse publicity, asserting that the media scrutiny forced him to plead no contest in spite of his claims of innocence. It is true that criminal trials are not to be won through use of the media. Sheppard v. Maxwell, 384 U.S. 333, 350 (1966). However, Neal never actually participated in a trial and proffers no evidence for the claim that he was forced into a no contest pleading. In addition, there is nothing in the record to suggest bias on the part of the trial judge in accepting Neal's plea and issuing his sentences. Accordingly, relief is denied on the allegation of prejudicial media coverage.

### H. Prosecutorial Misconduct

In his final objection, Petitioner claims that the prosecutor's conduct was calculated to deprive Petitioner of a fair defense through hindering courtroom procedure, DNA testing, and plea choice. As Neal did not raise this issue on first appeal, the claim is procedurally defaulted. Neal argues that ineffective assistance of appellate counsel excuses the default, yet is unable to show how counsel's failure to raise the claim prejudiced the outcome of his appeal. See McFarland, 356 F.3d at 699-

700. Furthermore, Petitioner offers no description of the alleged incidences of prosecutorial misconduct, and nothing in the record points to any wrongdoing. Consequently, this Court finds Neal's objection regarding prosecutorial misconduct meritless.

Accordingly, this Court **ADOPTS** Magistrate Judge Majzoub's Report and Recommendation in its entirety. The Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED**.

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

DATED: July 24, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Walter Neal and Counsel of Record on this date electronically and/or U.S. Mail.

                                                s/Bernadette M. Thebolt
                                                Deputy Clerk